United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 3, 2004**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT

———————————————

No. 03-50312

———————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

AVELINA RAMOS-LOERA,

Defendant-Appellant.

———————————————————————————————————————————

Appeal from United States District Court
for the Western District of Texas
USDC No. P-02-CR-204-ALL

———————————————————————————————————————————

Before BARKSDALE, EMILIO M. GARZA, and PICKERING, Circuit Judges.

PER CURIAM:[*]

Avelina Ramos-Loera (Ramos) entered a conditional guilty plea to possession of marijuana with intent to distribute. She contends on direct appeal that the district court erred in refusing to suppress evidence found by and statements made to a Border Patrol agent after an illegal stop of the vehicle driven by Ramos.

In reviewing the district court's ruling on a motion to suppress, the district court's findings of fact are accepted unless clearly erroneous, but the district court's ultimate

———————————————

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

conclusion as to the constitutionality of the law enforcement action is reviewed *de novo*. *United States v. Jacquinot*, 258 F.3d 423, 427 (5th Cir. 2001). This court must review the evidence in the light most favorable to the prevailing party. *Id.*

The district court's factual findings regarding whether Agent Jose Castillo had reasonable suspicion to stop Ramos's vehicle were not clearly erroneous. The stop occurred close to the border, in a remote and unpopulated area known for smuggling, shortly after the activation of a sensor. *Id.* at 428-29. The agent indicated a knowledge of the area and smuggling activities. *See United States v. Aldaco*, 168 F.3d 148, 151-52 (5th Cir. 1999). The agent was familiar with the people who usually traveled on this road and did not recognize Defendant-Appellant. In light of the totality of the circumstances, the district court did not err in concluding that Agent Castillo had reasonable suspicion to stop Ramos's vehicle. The judgment of the district court is therefore AFFIRMED.

AFFIRMED.